# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDRE LYNELL WALLACE,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 2:13-cv-8028-VEH-JHE** |
| | ) | **CRIMINAL NO. 2:09-cr-0453-VEH-JHE** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

The movant, Andre Lynell Wallace, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY

Wallace was convicted in this court on January 14, 2010, on his plea of guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Wallace was sentenced on April 29, 2010, to a term of imprisonment for a total of 177 months, to be followed by a 60-month term of supervised release. Wallace did not appeal the conviction or sentence.

Wallace filed the current § 2255 motion on July 30, 2013. Doc. 1. The United States was ordered to appear and show cause why the requested relief should not be granted. Doc. 2. The United States filed a response on August 9, 2013. Doc. 3. By order entered August

13, 2013, Wallace was afforded an opportunity to reply.  Doc. 4.  On August 13, 2013, Wallace filed an amendment to his motion to vacate, doc. 5, and a reply to the government's response to his motion, doc. 6.  On September 18, 2013, he filed an addendum to his motion to vacate.  Doc. 7.

## ANALYSIS

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to habeas corpus procedure.  The AEDPA amended 28 U.S.C. § 2255 to read in part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Wallace's conviction became final on May 13, 2010, when the fourteen-day period for filing a direct appeal expired.  *See, e.g.*, Fed. R. App. P. 4(b)(1)(A); *Ramirez v. United*

*States*, 146 Fed. App'x 325, 326 (11th Cir. 2005) (citing *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)).  Thus, the one-year limitations period began running on May 13, 2010, and expired one year later, on May 13, 2011.  Wallace did not file a § 2255 motion until July 30, 2013, more than two years after the limitations period expired.  Therefore, the motion to vacate is barred by the statute of limitations.

Wallace states in his motion that the statute of limitations does not bar his motion "because [his] federal sentence started around or about 9/10/2012." Doc. 1 at 15.  However, § 2255(f)(1) clearly provides that the limitations period begins to run on "the date on which the judgment of conviction becomes final."  The date on which the movant began service of his federal sentence is irrelevant to the limitations period.  *See, e.g.*, *Bacon v. United States*, Nos. 7:12–CV–90130 (HL), 7:07–CR–08 (HL), 2012 WL 4854656, *1 (M.D. Ga. Aug. 29, 2012) (holding that assertion that the statute of limitations did not begin to run until movant was in federal custody serving his federal sentence is without merit); *Coleman v. United States*, Nos. 5:09–CV–90063 (HL), 5:94–CR–4, 2009 WL 3446373, *4 (M.D. Ga. Oct. 21, 2009) (holding that movant's tacit contention, that the AEDPA's one-year statute of limitations does not begin to run until a defendant under federal sentence is actually in federal custody under that federal sentence, is simply not the law in the United States Court of Appeals for the Eleventh Circuit or elsewhere); *United States v. Fegans*, Civil No. 07-6027, Crim. No. 91-60022, 2008 WL 447504, *6 (W.D. Ark. Feb. 14, 2008) (finding that a prisoner in state custody may bring a § 2255 petition challenging a federal sentence

3

imposed consecutive to his state sentence); *United States v. Tamfu*, Nos. 3:99–CR–0279–P(01), 3:01–CV–1719–P, 2002 WL 31452410, *6 (N.D. Tex. Oct. 5, 2002) (holding that movant's prior state custody has no effect on the commencement date of the federal statute of limitations). Thus, Wallace's implication that the statute of limitations did not begin to run until he was in federal custody serving his federal sentence is without merit.

Wallace argues in an affidavit that the limitations period should be equitably tolled. Doc. 1-1. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

> The Supreme Court recently reaffirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." [*Holland*, 130 S.Ct.] at 2562 (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S.Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).

> A court also may consider an untimely § 2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a "fundamental miscarriage of justice" because it would require that an individual who is actually innocent remain imprisoned. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). The actual innocence exception is "exceedingly narrow in scope," and the petitioner must

4

demonstrate that he is factually innocent rather than legally innocent. *Id.*; *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). . . .

The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. *Drew*, 297 F.3d at 1286. Mere conclusory allegations are insufficient to raise the issue of equitable tolling. *See Id.* at 1292–93; *Pugh v. Smith*, 465 F.3d 1295, 1300–01 (11th Cir. 2006); *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001) (per curiam).

*San Martin v. McNeil*, 633 F.3d 1257, 1267-1268 (11th Cir. 2011). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g.*, *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (holding that limitations period was not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers)*; Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001) (per curiam) (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (finding that limitations

5

period was not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).  *See also Salazar-Carvajal v. United States*, No. 8:06-CV-539-T-30-MAP, 2006 WL 1063688 (M.D. Fla. April 21, 2006) (holding that petitioner's inability to speak or read English or fact that petitioner is unlearned in the law or unfamiliar with the one-year limitations period are not "extraordinary circumstances" that would justify equitable tolling of the limitations period).

Wallace offers the following in support of his argument that he is entitled to equitable tolling:

> Petitioner contends that he is under the impression that his clock on 2255 Motion starts at the time his sentence runs, not at the time of sentencing, considering he never entered into federal custody until last year around or about 9/10/2012, which only gives him nine months into federal custody. Petitioner contends that his failure to address his sentencing is that he was a layman to federal law, whereas in State custody Petitioner did not know there was a problem with his sentence until recently upon discovery of Amendment 599 to the commentary of the U.S. Sentencing Guidelines Manual § 2K2.4, something he contends he would have never found in state custody.

*Movant's Affidavit*, Doc. 1-1 at 1.

The petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 130 S. Ct. at 2562.  Wallace claims that he is a "layman to federal law" and he would have never learned there was a "problem with his sentence" while he was in state custody.

6

Neither miscalculation of the limitations period, nor ignorance of the law, constitutes an extraordinary circumstance that would justify equitably tolling of the statute of limitations. *See, e.g.*, *Miller v. Florida*, 307 Fed. App'x 366 (11th Cir. 2009) (lack of education); *Wainwright v. Secretary, Dept. of Corrections*, 537 F.3d 1282, 1286 (11th Cir. 2007) (legal confusion); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (pro se status and ignorance of the law); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (miscalculation of limitations period or mistake); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law and pro se status); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000) (pro se status throughout most of the period of limitation); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) (unfamiliarity with the legal process during the applicable filing period); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law); *Lambert v. Secretary, Florida Dept. of Corrections*, No. 3:08cv555/MCR/EMT, 2009 WL 4899005, at *3 (N.D. Fla. Dec. 11, 2009) (legal inexperience and misunderstanding of the law); *Paschal v. Frazier*, No. CV 108-149, 2009 WL 890586, at *2 (S.D. Ga. Apr. 1, 2009) (ignorance of the law and erroneous legal advice); *Varner v. Mosley*, No. 2:06-CV-1021-WKW (WO), 2009 WL

103179, at *4 (M.D. Ala. Jan. 14, 2009) (limited knowledge of the law); *Ortega v. Vaughn*, No. Civ.A. 03-3693, 2004 WL 825309, at *6 (E.D. Pa. Apr. 15, 2004) (miscalculation of the limitation period or erroneous belief about tolling).  Thus, to the extent Wallace argues he is entitled to equitable tolling because he is a "layman to federal law," who misunderstood when the limitations period began and did not realize there was a "problem with his sentence," he has not alleged an "extraordinary circumstance" that would warrant equitable tolling.

Wallace further alleges that he "would never have found [out]" that there is a "problem with his sentence" while he was in state custody.  To the extent Wallace may be arguing that he did not have sufficient access to a law library while he was confined in state custody, the court notes that "institutional transfers, periods of confinement under more restrictive conditions than general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are usual incidents of prison life." *Neal v. McNeil*, No. 3:09cv23/MCR/EMT, 2010 WL 298294, at *8 (N.D. Fla. Jan. 15, 2010).  *See also Miller v. Florida*, 307 Fed. App'x 366, 368 (11th Cir. 2009) ("even restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling"); *Paulcin v. McDonough*, 259 Fed. App'x 211 (11th Cir. 2007) (finding that transfer to county jail and denial of access to legal papers and law library did not constitute extraordinary circumstances); *Bell v. Secretary, Dept. of Corrections*, 248 Fed. App'x 101, 104-105 (11th Cir. 2007) (holding that

inability to access prison law library was not extraordinary circumstance beyond his control that prevented him from timely filing his habeas petition despite his due diligence); *Sanchez v. United States*, 170 Fed. App'x 643, 647 (11th Cir. 2006) (holding that prison lockdown, which precluded access to the law library during the time in which he was preparing his motion, not an extraordinary circumstance, given that inmate had nearly eleven months prior to lockdown to prepare petition); *Cutts v. Jones*, Civil Action No. 1:06cv256-MHT, 2009 WL 230091, at *7 (M.D. Ala. Jan. 30, 2009) ("[N]either an alleged inadequate prison law library nor limited access thereto establishes extraordinary circumstances warranting equitable tolling of the limitation period.").

Wallace has not alleged or presented evidence that the circumstances of his confinement are extraordinary or anything other than routine.  Thus, to the extent he is arguing that he had limited access to a law library while he was in state custody, he has not alleged an extraordinary circumstance that would justify tolling the statute of limitations.

Moreover, even if the movant had established extraordinary circumstances, his equitable tolling claim would fail because of lack of reasonable diligence.  In addition to establishing that the impediments facing him were "extraordinary," which Wallace has not done, the petitioner must establish that he diligently pursued his rights as would be reasonable under the circumstances.  Wallace makes no allegation that he ever attempted to access a law library or otherwise acquire legal materials while in state custody, or that he ever tried to obtain legal assistance.  Further, he did not file his motion to vacate for over ten

months after entering federal custody "around or about 9/10/2012," yet offers no reason for this delay.  Wallace has failed to allege or demonstrate that he exercised "reasonable diligence" in pursuing the filing of a § 2255 motion to vacate.

To the extent Wallace can be found to argue in his "Response to Motion for Summary Judgment," doc. 6, that the statute of limitations should not apply to him because he is raising "jurisdictional challenges to his guilty plea," he is incorrect.  "The courts have uniformly rejected this contention, observing that § 2255 itself expressly contemplates challenges to a sentencing court's jurisdiction without in any way indicating that these particular sorts of attacks need not be brought within the statute's one-year period of limitation." *United States v. Hicks*, No. 96-80335-01, 2009 WL 1620430, *1 (E.D. Mich. June 9, 2009).  *See also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that challenges to jurisdiction "are not exempt from § 2255's filing deadline"); *United States v. Williams*, Nos. 5:06cr52/RS, 5:08cv195/RS-WCS, 2009 WL 3230399, *8 (N.D. Fla. Oct. 2, 2009) ("Jurisdiction is specifically listed as a ground for § 2255 relief, and is not excluded from either the one year limitations period of § 2255(f) or the restrictions on second or successive motions set forth in § 2255(h)."); *Taylor v. United States*, Nos. 1:09-cv-24, 1:04-cr-177, 2009 WL 1874071, *2 (E.D. Tenn. June 29, 2009) ("[N]either the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") nor federal law contains an exception to the application of the one-year period of limitation for claims based on alleged jurisdictional deficiencies."); *Hubert v. United States*, Civil Action No. 5:06CV-000P10-R, Criminal

Action No. 5:99CR-00018-R, 2006 WL 2404007, *6 (W.D. Ky. Aug. 17, 2006) ("§ 2255 does not exempt jurisdictional challenges from AEDPA's statute of limitation provisions."); *United States v. Davis*, Criminal Action No. 01-282, 2007 WL 2177684, *2 (E.D. La. July 30, 2007) ("Section 2255 explicitly states that post-conviction challenges to a federal court's jurisdiction are subject to AEDPA's one-year statute of limitations."); *Drobil v. Barnhart*, Civil No. 2:09-11597, 2009 WL 4885000, *3 (E.D. Mich. Dec. 11, 2009) ("The mere fact that there may be a jurisdictional defect in petitioner's conviction . . . would not mean that the limitations period contained in § 2244(d) is inapplicable to his conviction."); *Banks v. Ludwick*, No. 07-12821, 2008 WL 2397627, at *5 (E.D. Mich. June 11, 2008) ("there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the [statute of] limitations"); *Edmond v. Moseley*, No. CA 06-0789-CG-C, 2007 WL 2997097 (S.D. Ala. Oct. 11, 2007) ("The fact that a petitioner, under Alabama law, has the right at any time to make a jurisdictional challenge to a conviction cannot serve to toll AEDPA's one-year limitations period."); *Neal v. Kingston*, No. 05-C-443, 2007 WL 1655159, at *3 (E.D. Wis. June 5, 2007) ("jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to this court within the time limit set forth in § 2244(d)(1)"); *Dewitt v. Warden, Lieber Correctional Institution*, No. 9:06-1221, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006) ("there is no exception under the AEDPA for subject matter jurisdiction claims"); *Mays v. McDonnell*, No. 2:04-cv-968, 2006 WL 2927474, at *4 (M.D. Ala. Oct.12,

11

2006) ("neither the habeas statute nor federal case law makes such an exception for alleged jurisdictional issues").

Section 2255 provides that claims alleging that "the court was without jurisdiction to impose such sentence" may be raised in a § 2255 motion seeking to vacate the sentence **and** that "[a] 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255(a), (f).  Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period.  To the contrary, § 2255(f) explicitly states that the limitations period "shall apply" to all motions made under § 2255.  Therefore, Wallace's motion to vacate is not exempt from the statute of limitations.

## CONCLUSION

The one-year limitations period expired May 13, 2011.  Wallace did not file his § 2255 motion until July 30, 2013, over two years after the limitations period expired.  Therefore, the motion to vacate is untimely.

Accordingly, the motion to vacate is due to be DENIED and DISMISSED because it is barred by the statute of limitations.  An appropriate order will be entered.

DONE this 8th day of November, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

12